## MURRY v. HARPER.

1. A justice of the peace may permit an amendment to the complaint in a case of forcible entry and detainer, before issue joined.
2. When the Circuit Court affirms the judgment of a justice of the peace, in a case of forcible entry and detainer, it is not error for the Court to remand the case, to enable the justice to issue a writ of restitution.

Error to the Circuit Court of Tallapoosa.

THIS action was commenced by the defendant in error, against the plaintiff in error, before a justice of the peace, for a forcible entry and detainer.

From a bill of exceptions taken at the trial before the magistrate, it appears that a mistake was made in the complaint, in describing the land by the township and range in which it was situated, the one being put for the other. On motion of the complainant, he was permitted by the justice to amend his complaint, so as to describe the land truly, though objected to by the plaintiff in error. The jury having found a verdict in favor of the defendant in error, the cause was carried, by *certiorari*, to the Circuit Court of Tallapoosa county, where the judgment was affirmed, and a *procedendo* directed to be issued to the justice of the peace. From the judgment of the Circuit Court, this writ of error is prosecuted.

The assignments of error relied on in this Court, are,

1. The permission given the defendant in error to amend his complaint.

2. That the Circuit Court, instead of awarding a *procedendo* to the justice, should have directed a writ of *habere facias possessionem* to issue.

T. CLAY, for plaintiff in error.
HEYDENFELDT, contra.

ORMOND, J.—It is supposed by the counsel for the plaintiff in error, that the record shows that the amendment which the justice of the peace permitted, was made after issue joined; but

he insists, that if he is wrong in this supposition, the justice had no power to permit an amendment at any stage of the proceedings.

The record is certainly not so clear as could be desired, as to the time when the amendment was made. The doubt is created by the statement in the record, that it was " on the trial of the cause." This is, however, we think, satisfactorily explained by the record itself, and especially by the objection made before the justice, which was not that it would change the issue which the parties had made up, but that it would make the complaint vary from the notice which had been given by the justice to the defendant below. It is our practice, and that of all appellate Courts, to make all reasonable intendments in favor of the judgments of subordinate tribunals. It is not sufficient that error may have intervened; it must be distinctly pointed out on the record.

Every Court, whether of general or limited jurisdiction, has the power to permit such amendments to be made in the pleadings, while the cause is in *fieri,* as will enable it to fulfil the end of its creation, the administration of justice. If by the amendment, the cause is presented in a new aspect, so that the opposite party would be surprised thereby, if forced into a trial, the amendment will not be made, but on the condition of the necessary time being given.

We can perceive no error in the judgment rendered by the Circuit Court. The statute requires the justice of the peace to issue a writ of *ristitution,* when the jury find for the complainant, and that this might be done, it was proper to remand the cause to the justice who rendered the judgment.

The act " to regulate judicial proceedings," passed 19th January, 1839, does not affect this question.

We can perceive no error in the judgment of the Circuit Court, and it is therefore affirmed.